IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYRON L. CHAMBERS,                   )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Civil Action No. 25-1435-GBW-SRF
                                     )
COLLIN BOND, DETECTIVE, *et al.*,    )
                                     )
          Defendants.                )

## REPORT AND RECOMMENDATION

Plaintiff Tyron L. Chambers ("Plaintiff"), a pretrial detainee at Howard R. Young

Correctional Institution ("HRYCI"), filed this action on November 13, 2025, alleging violations

of his civil rights. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma*

*pauperis*. (D.I. 5) The Complaint was screened by Judge Williams, who dismissed it for failure

to state a claim, but with leave to amend.[1] (D.I. 9) Plaintiff has also filed a motion to appoint

counsel. (D.I. 12) The court proceeds to review and screen the Amended Complaint pursuant to

28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, the court

recommends the Amended Complaint be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

The Amended Complaint does not state Plaintiff's claims in full. The Amended

Complaint alleges a "Malicious Prosecution" claim against Detective Collin Bond. (D.I. 10 at 1).

In 2023, Detective Bond allegedly violated Plaintiff's Fourth Amendment rights in the execution

of two search warrants (at Plaintiff's girlfriend residence and his father's residence) which

resulted in the seizure of firearms. (*Id.* at 1-2). Plaintiff further alleges a "false imprisonment"

---

[1] The City of Wilmington was dismissed as a defendant on that screen and the caption is updated
to reflect the named individual defendant.

claim that ten unnamed Wilmington Police officers violated his rights during his arrest. (*Id.* at 2) Plaintiff seeks damages in the amount of $125,000.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding

Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible

will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A. Rule 8

Plaintiff's complaint fails to state a claim against any defendant. Under Rule 8, a complaint that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An amended pleading "supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). An amended complaint must contain all defendants and claims in a single document. *See Wilson v. New Castle Cnty. Police Dep't*, No. CV 24-294-GBW, 2025 WL 1114799, at *3 (D. Del. Apr. 15, 2025) (proposed amended complaint must state Plaintiff's claims in full and Court will not consider the claims previously asserted in the Complaint). And while the court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff's amended complaint contains only threadbare allegations against Wilmington police officers executing search warrants and arresting Plaintiff in 2023. The amended complaint does not state a plausible claim for relief.

4

## B. Probable Cause

In the initial screening order on January 28, 2026, the assigned District Judge thoroughly

articulated the standard for what is required to state a Section 1983 claim for false arrest or

imprisonment and malicious prosecution:

> To state a Fourth Amendment claim for false arrest or imprisonment, Plaintiff must allege that (1) there was an arrest; and (2) the arrest was made without probable cause. *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). In evaluating a false arrest claim, "[t]he proper inquiry ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (internal punctuation omitted) (quoting *Dowling*, 855 F.2d at 141).
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 636 (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir.1988)). Yet immunity generally extends to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant. *See Berg v. County of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000). An apparently valid warrant only does not render an officer immune from suit if the officer's reliance on it is unreasonable due to the relevant circumstances, and Plaintiff must state the circumstances that rendered an officer's reliance on a valid warrant unreasonable. *See id.*
>
> Similarly, due process arising under the Fourteenth Amendment is satisfied upon the issuance of an arrest warrant predicated upon probable cause, and where due process is satisfied, a claim arising from an allegedly inadequate investigation cannot be maintained. *See Lincoln v. Hanshaw*, 375 F. App'x 185, 190 (3d Cir 2010). "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citing *DeShaney v. Winnebago Cty. Dep't o/Soc. Servs.*, 489 U.S. 189, 195-96 (1989)).
>
> Furthermore, "in a section 1983 malicious prosecution action," "a grand jury indictment or presentment constitutes *prima facie* evidence of probable cause to prosecute, but . . . this *prima facie* evidence may be rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989).

(D.I. 9 at 5 n.1) The amended complaint fares no better, as the facts alleged in the Amended

Complaint "do not suggest a lack of probable cause, or an alternative factual basis for a federal

civil rights claim." (D.I. 9 at 5)

Plaintiff admits that the searches of his girlfriend's residence and his father's residence were made pursuant to search warrants. (D.I. 10 at 2) He asserts there was no probable cause to charge him with possession of his girlfriend's firearm on an unspecified date. (*Id.*) Moreover, Plaintiff relies on a blanket conclusory allegation that the officers lacked a warrant or probable cause to arrest him on an unspecified date. (*Id.*) Such allegations are not enough because "legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." (D.I. 9 at 6 (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)).

As Plaintiff has been advised in the prior screening order, "[t]he proper inquiry ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." (D.I. 9 at 5 n.1) Because Plaintiff has not pled facts indicating a lack of probable cause, his malicious prosecution, false arrest, and false imprisonment claims all fail to state a plausible basis for relief.

For the foregoing reasons, I recommend that the court dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff was previously given leave to amend with instructions on how to cure his deficiencies in pleading (D.I. 9) but Plaintiff's Amended Complaint still fails to state a claim. Further amendment would be futile and dismissal should be with prejudice. *See Moore v. Bartelt*, C.A. No. 24-1290-MN, 2025 WL 2393135 at *3 (D. Del. Aug. 18, 2025) (dismissing amended complaint with prejudice as futile).

6

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on June __, 2026 is **ADOPTED**.

2.    The Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.    The Motion to Appoint Counsel is moot. (D.I. 12)

4.    The Clerk of Court is directed to CLOSE the case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 11, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7